**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                              **14-CR-215V**

        **-v-**

**CLIFTON MCDUFFIE,**

        **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Clifton McDuffie ("the defendant"), is charged along with a co-defendant, Brandon Washington, in a multiple count indictment with having violated Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). Dkt. #1. He has filed an omnibus discovery motion wherein he seeks production and disclosure of multiple items of information. Dkt. #83. The government has filed a response in opposition to this motion along with a request for reciprocal discovery. Dkt. #93.

**DISCUSSION AND ANALYSIS**

**1. Defendant's Demand for a Bill of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events as well as alleged participants of the conspiracy alleged in Count 1 of the Indictment on the basis that "he requires [this] information in order to adequately prepare a defense and avoid surprise at trial." Dkt. #83, pp. 3-4.

The defendant's request is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Indictment, along with the discovery materials provided or to be provided by the government, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,

> 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

### 2. Defendant's Discovery Requests Pursuant to Rule 16 F.R. Crim. P.:

The defendant has requested response to an extensive list of discovery from the government pursuant to Rule 16 of the F.R. Crim. P. Dkt. #83, pp. 4-12. In response, the government states that it "has provided comprehensive voluntary discovery, including statements of defendants and eyewitness identifications" and that as it "identifies any other evidence which falls within the scope of Rule 16, it will provide such evidence to defendants and their counsel" and "will continue to comply with its continuing duties to disclose set forth in Rule 16(c)." Dkt. #93, p. 5. Based on the government's aforesaid response, the defendant's motion is denied as being moot.

### 3. Defendant's Request for Disclosure Pursuant to FRE 403, 404(b), 609

The defendant seeks an order compelling the government "to disclose any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should he testify." Dkt. #83, pp. 13-14.

Rule 404(b) FRE only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is denied as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 FRE is best left to the determination of the trial judge at the time of trial.

### 4. Defendant's Request for Discovery Pursuant to FRE 702, 703 and 705:

The defendant requests that "the government provide a list of the government's expert witnesses, if any, and the substance of any reports from these

witnesses that may be in their (sic) possession, as well as written summaries of their anticipated testimony." Dkt. #83, p. 14.

The government has responded by stating that "it will fully comply with Fed. R. Crim. P. Rule 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705." Dkt. #93, p. 7.

Based on the government's aforesaid response, the defendant's request is denied as being moot.

**5. Defendant's Request for Production of Co-Conspirator Statements and a Hearing Pursuant to FRE 104:**

The defendant seeks production of "co-conspirator statements which the government intends to introduce at trial since such statements will be attributed to the defendant under FRE § 801(d)(2)(E)." He also requests a hearing pursuant to FRE 104" to determine whether the government can make a sufficient showing that a conspiracy, as opposed to a mere buyer-seller relationship, existed and that the statements to be introduced are admissible under the co-conspirator hearsay exception." Dkt. #83, p. 14.

Rule 801(d)(2)(E) FRE does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request in this regard is denied.

The defendant's request for a hearing pursuant to Rule 104 FRE is denied without prejudice since this is an evidentiary matter best left to the trial judge in this case.

6. **Defendant's Request for Production of *Brady*, *Giglio* and *Jencks* Materials:**

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**7. Defendant's Request for Disclosure of Identity of Informants:**

The defendant claims that "in order to prepare an adequate defense it is necessary that informant identities be revealed so that counsel may attempt to interview them and otherwise investigate their allegations, biases, and benefits derived from cooperating with the government." Dkt. #83, p. 23.

The defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even

marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or

> participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez,* the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

**8. Defendant's Request to Join In Co-Defendant's Motions:**

The defendant seeks "to specifically join in the relief requested in Paragraphs 8-65" of co-defendant Washington (Dkt. #94). Dkt. #83, p. 24.

This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in his motion in which the defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**9. Defendant's Request for Leave to Make Further Motions:**

The defendant seeks leave to file additional motions "as the factors and evidence emerge through requested disclosure." Dkt. #83, p. 25. This request is granted subject to the limitations as contained in the aforesaid quote.

**1. The Government's Request for Reciprocal Discovery:**

The government requests reciprocal discovery pursuant to Rule 16(b) of the F. R. Crim. P. This request is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:     October 19, 2017
           Buffalo, New York


                                        _S/ H. Kenneth Schroeder, Jr._
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**